UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:18-cv-10111-JLK

MARGARET A. DULEY

  Plaintiff,

v.

BB&T CORPORATION PENSION PLAN, et al.,

  Defendants.

                  /

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on the parties' cross-motions for summary judgment, filed December 11, 2019 (ECF Nos. 35, 36). The Court has also considered the parties' response and reply briefs (ECF Nos. 48, 54, 56, 58), the pertinent portions of the record, and heard oral argument on March 2, 2020.

### I. BACKGROUND[1]

1. Plaintiff Margaret A. Duley ("Duley") brings this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), seeking judicial review of BB&T's denial of her claim for pension benefits.

2. Duley worked at First Virginia Banks, Inc. ("First Virginia") as a full-time employee from June 1987 to January 2000. *See* ECF No. 36 ¶¶ 5, 13.

3. Duley was a participant in the First Virginia Pension Trust Plan ("First Virginia Plan") as of July 1988. *See* ECF No. 36 ¶ 7; ECF No. 49 ¶ 7.

4. In 2003, First Virginia merged into BB&T Corporation. *See* ECF No. 36 ¶ 32.

¹ Pursuant to Local Rule 56.1, the Court considers the facts set forth in the statements of material facts accompanying the parties' cross-motions for summary judgment, along with the affidavits, depositions, and other record evidence cited by the parties. *See* ECF Nos. 36, 37, 49, 55.

5. BB&T maintains the BB&T Corporation Pension Plan (the "BB&T Plan"), which applies to former employees of First Virginia who were entitled to benefits under the First Virginia Plan at the time of the merger. *See* ECF No. 36 ¶¶ 15–17; ECF No. 37 ¶ 11.

6. In early September 2015, when Ms. Duley was 58 years old and would have been eligible to begin receiving her benefits, Ms. Duley called BB&T's benefits department to discuss her entitlement to pension benefits. *See* ECF No. 36 ¶¶ 35–36. However, an employee of the benefits department informed her that BB&T had no record that she was entitled to retirement benefits under the BB&T Plan. *See* ECF No. 36 ¶ 38.

7. Plaintiff also sent a letter to Steve Reeder, the plan administrator, claiming entitlement to benefits. *See* ECF No. 37-1 ¶¶ 3, 27.

8. In response, on October 16, 2015, Mr. Reeder sent Ms. Duley a letter denying her claim and stating that although she was an employee of First Virginia, she was not entitled to any benefits under the Plan because BB&T could not locate any records showing her entitlement to such benefits. *See* ECF No. 37-1 ¶¶ 29–31. The letter also said that "it may [be] that your plan benefit was paid to you prior to BB&T

purchasing First Virginia." *See* ECF No. 1-4.

9. In March of 2018, Ms. Duley's counsel sent a lengthy letter to Reeder challenging his decision and requesting numerous documents. *See* ECF No. 1-6.

10. BB&T treated that letter as an appeal and, in April 2018, sent a letter to Ms.

Duley denying the appeal because it still had no record of her entitlement to pension benefits.

*See* ECF No. 37 ¶¶ 60–62.

11. In reviewing Ms. Duley's claim, Reeder contacted Aon, the actuary for the BB&T Plan, and Palmer & Cay, the former actuary for the First Virginia Plan, to determine whether Ms. Duley was entitled to any benefits. *See* ECF No. 37-1 ¶¶ 11–12, 35–36, 38, 40.

12. Aon and Palmer & Cay informed BB&T that they had no record of Ms. Duley being entitled to benefits. *Id.* ¶¶ 36, 38, 40.

13. Reeder did not review any documents from either Aon or Palmer & Cay reflecting these findings. *See* ECF No. 36 ¶ 43.

14. Reeder also reviewed Ms. Duley's "benefits file" within BB&T's own records after Aon reported that it had no information about Ms. Duley. *See* ECF No. 37-1 ¶¶ 32–33. This file did not have any records showing that Ms. Duley was entitled to

benefits. *Id.*

15. Ms. Duley has testified that she never received any payment of benefits under any entity's pension plans. *See* ECF No. 43-2 ¶ 23.

16. Also, on February 16, 2016, her counsel sent Reeder a letter stating that Ms.

Duley did not receive any benefits during her tenure with First Virginia. *See* ECF No. 37-1 ¶ 47; ECF No. 1-5 at 7. On February 22, 2016, Reeder responded, affirming his prior finding and suggesting that Ms. Duley could try providing evidence of an entitlement to benefits, such as a vested pension statement. *Id.* ¶ 48; ECF No. 1-5 at 5.

17. There is no evidence in the record showing that Ms. Duley ever received a payout or that BB&T reviewed any information or otherwise investigated the specific issue of whether Ms. Duley received a payout before denying her claim.

18. Duley has moved for summary judgment (ECF No. 36), arguing that (1) BB&T failed to conduct a "full and fair review" before denying her claim, and (2) that the denial was wrong, arbitrary and capricious, and the result of a conflict of interest. BB&T has also moved for summary judgment (ECF No. 35), arguing that the denial of Duley's claim was not arbitrary and capricious and should therefore be affirmed.

III. LEGAL STANDARDS

A. Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). A dispute is genuine if there is sufficient admissible evidence to permit a reasonable jury to return a verdict for either party. Fed. R. Civ. P. 56(c)(2); *Great Am. Alliance Ins. Co. v. Anderson*, 847 F.3d 1327, 1331 (11th Cir. 2017).

B. ERISA standard of review

"While ERISA and the Secretary of Labor's regulations provide certain minimum procedural requirements, the statute and regulations do not provide a judicial standard of review for courts reviewing administrators' benefit-eligibility decisions." *Melech v. Life Ins. Co. of N. Am.*, 739 F.3d 663, 672 (11th Cir. 2014). As such, "the Supreme Court articulated a framework for judicial review, which [the Eleventh Circuit] has distilled into a six-part test." *Id.* (citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Williams v. BellSouth Telecomms., Inc.,* 373 F.3d 1132, 1138 (11th Cir. 2004)).

However, the Eleventh Circuit has explained that courts "cannot evaluate [the] ultimate decision to deny [a] claim without first considering whether the record [the administrator] had before it was complete." *Id.* ERISA places upon a plan administrator "the responsibility to fully investigate a claim before denying benefits." *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1199–1200 (11th Cir. 2010) (brackets and ellipses omitted). Thus, the initial question is "whether a plan administrator has satisfied the necessary 'minimum procedural requirements' or provided a full and fair review." *Boysen v. Ill. Tool Works Inc.*, 767 F. App'x 799, 806 (11th Cir. 2019). "[W]hether the plan administrator adequately complied with these procedural aspects of the

applicable statutes and regulations . . . is a question of law subject to de novo review." *Id.* If the court finds that the administrator failed to conduct a full and fair review, the appropriate remedy

is to remand the case to the administrator for further review. *See Melech*, 739 F.3d at 676.

IV. DISCUSSION

As noted above, the threshold issue is whether the plan administrator, Steve Reeder, satisfied ERISA's minimum procedural requirements and conducted a "full and fair review" of Duley's claim for pension benefits. After careful consideration, the Court finds that he did not.

A. ERISA's content requirements

Under ERISA, a plan administrator must provide written notification of any adverse benefit determination, which must comply with the manner and content requirements set forth in 29 C.F.R. § 2560.503(g). Specifically, § 2560.503(g)(1) provides that the notification "shall set forth, in a manner calculated to be understood by the claimant," the following information:

> (i) The specific reason or reasons for the adverse determination;
>
> (ii) [T]he specific plan provisions on which the determination is based;
>
> (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
>
> (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

*Id.* § 2560.503(g)(1)(i)–(iv).

Here, the reason BB&T gave for denying Duley's claim was that BB&T had not

located any records listing her as an individual with accrued benefits. However, the denial letters did not clearly specify whether BB&T disputed that she was a participant in the First Virginia or BB&T Plans, or that she satisfied the eligibility requirements. Further, BB&T only speculated that one

potential explanation for Ms. Duley's name not appearing in these records is that it "may be" she was already paid out before the merger. Finally, as Duley points out, the letters did not cite any plan provisions or describe any specific materials necessary to help resolve the issue of whether she was already paid. Instead, the letters generally requested any documents that Duley believed would show that she was "entitled to benefits." Accordingly, the Court finds that BB&T failed to comply with ERISA's content requirements, § 2560.503(g)(1), in denying Duley's claim.

B. Investigation of whether Ms. Duley was already paid her pension benefits

Under ERISA, before denying a claim, a plan administrator has "the responsibility to fully investigate" such claim. *Capone*, 592 F.3d at 1199–1200. As the Eleventh Circuit has explained, it is a "fundamental requirement that an administrator's decision to deny benefits must be based on a complete administrative record that is the product of a fair claim-evaluation process." *Melech*, 739 F.3d at 676.

Here, the record reflects that, in reviewing Ms. Duley's claim, BB&T spoke to two actuaries who maintained pension records and reviewed a "benefits file" within its own records. Because Duley's name did not appear in these records, BB&T denied her claim. However, when submitting her claim, Ms. Duley provided undisputed evidence of her work history, which showed that she was a full-time employee from June 1987 to January 2000. It is

undisputed that Ms. Duley was a participant in the First Virginia Plan prior to the merger, and that she was eligible to receive pension benefits once she turned 55 years old. *See* ECF No. 36 ¶¶ 7, 14; ECF No. 49 ¶ 7. While BB&T argues that participants could elect to receive early payouts upon their resignation, BB&T has not shown that it took any steps to determine whether Duley ever made such an election or received such a payout. Thus, the Court finds that BB&T did not provide a full and fair review prior to denying Duley's claim for pension benefits under the BB&T Plan.

**V. CONCLUSION**

Because the Court finds that BB&T failed to conduct a full and fair review before denying Duley's claim, the appropriate remedy is to remand the case to the plan administrator. Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Summary Judgment **(ECF No. 36)** be, and the same hereby is, **GRANTED IN PART** for the reasons set forth above; Defendant's Motion for Summary Judgment **(ECF No. 35)** is **DENIED**; this matter is hereby **REMANDED** to the BB&T Corporation Pension Plan administrator for further review of Ms. Duley's claim, including whether she was previously paid her benefits; the Clerk shall **CLOSE** this case; and the Court reserves jurisdiction to determine entitlement to attorneys' fees, if any.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida this 23rd day of March, 2020.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All counsel of record